Good morning. I'm here to ask this court to reverse the circuit court's first stage dismissal of Mr. Cole's petition for post-conviction relief. Because Mr. Cole stated the gist of a claim, thereby meeting the low threshold required by stating the gist of two arguable instances of ineffective assistance of counsel. First, the trial and appellate counsel were ineffective for failing to object, preserve, and appeal the trial court's violation of Rule 431B, where the trial court failed to ascertain the jury's acceptance and understanding of its obligation to hold the state to its burden of proof, to not hold the defendant's failure to testify against him. Second, the trial and appellate counsel were ineffective for failing to object, preserve, and appeal the trial court's violation of Rule 431B, where the trial court failed to ascertain the jury's acceptance and understanding of its obligation to hold the defendant's failure to testify against him. And yet, that didn't happen. Well, that was, that I argue is unreasonable assistance from trial counsel. Well, the trouble is that you don't win your, you generally don't win your case based on who actually is sitting in the box. You win your case based on the evidence or the lack of evidence on the part of the state. And I don't even know of a single case. Do you have a single case where this deficient voir dire resulted in a grant of post-conviction relief? Your Honor, I don't have a case where ultimately post-conviction relief was granted. Well, do you have a case that says the claim itself is sufficient to raise the gist of a constitutional violation? Your Honor, I'm here this morning to ask this Court to make just such a case. And let's go back to, you know, the real issue before us, I think, is that appellate counsel was ineffective. Correct. And yet, the state claims that there is no such issue in the post-conviction petition that was filed by that defendant. Well, my response to that is threefold. First of all, People v. Thompson is the case that the state refers to. It was a direct appeal case that overruled. Did you get the additional authority request? I did, and I have no objection to that authority coming in. Did you take a look at the statement in the additional authority that says that in Jones, Illinois Supreme Court case, that or it asserts, however, the claim of ineffective assistance must appear in the post-conviction petition, and it cites People v. Jones on the Illinois Supreme Court case. Certainly, that wasn't satisfying in this case. Why doesn't Jones dictate the outcome here? Well, Your Honor, Mr. Cole's petition did state attorney ineffectiveness in the petition itself, so it's simply not true that he did not allege ineffectiveness. Now, he did not allege it.  Correct, but that's a level that Hodges does not require at first level of pleading. In People v. Hodges, the Illinois Supreme Court ultimately sent the case back for second stage proceedings on a claim that was not raised at all in the petition, whereas in this case, while Mr. Cole may not have made the specific legal arguments as to appellate ineffectiveness, trial-level ineffectiveness, he at least stated attorney ineffectiveness, which is over and above what was stated in Hodges by the defendant there, and therefore it is more than enough to meet the gist standard here. Lacey is a second stage case, and in addition to making clear that at the first stage, such procedural questions as this are not to be gone into, Lacey ultimately did review the appellate ineffectiveness claim, even though it was not stated. Let me ask you this. Why aren't you in this, in your brief, making an allegation of ineffectiveness of trial counsel to bolster your claim that appellate counsel was ineffective, because before appellate counsel can be ineffective, the error has to exist, and if the error exists, then trial counsel, as you just pointed out to my first question, was clearly ineffective because he didn't protect his client's rights. So why aren't you making that allegation? Why aren't you making that assertion? Well, Your Honor, I certainly don't weigh that assertion. But why aren't you bringing that as an issue before us so we can address it? Your Honor, if this Court would grant leave to supplement the brief's argument in that direction, I would certainly be willing to do so. I'm not, I'm not. But my argument, my primary argument is that under Hodges, this degree of pleading is completely unrequired. I mean, Hodges only requires that the defendant state facts that would support an underlying claim. There's certainly no obligation to get into these very legalistic matters involving plain error. Your Honor, you'll concede that before appellate counsel can be declared ineffective, there has to be an error. There's no question that there's an error here. At the trial court level. The State does not dispute that the trial court did not comply with Rule 431B. That's cognizable in a post-conviction petition, which goes back to where we need authority to say, this is a violation that we can consider in this context. People v. Thompson, while eliminating the possibility on direct appeal of pleading plain error under the substantial rights prong, specifically left open the possibility of pleading it under the other prong of plain error. And there's certainly nothing in this case that would show, as Hodges would require, that such a claim would be indisputably without merit. There's nothing to show that appointed counsel should, this court, remand the case for appointment of counsel and further proceedings, that counsel could not develop direct evidence that the jury, in fact, was biased with regard to Mr. Cole's decision not to testify. It's certainly within our understanding of the human experience with regard to juries that they regard with suspicion a defendant who does not testify. And that's, in fact, the basis by which Rule 431B was. Why don't you refresh my recollection regarding which of the 431B admonishments weren't delved into by the trial court? Of course. The trial court completely failed to alert the jury as to the State holding the burden of proof. But most importantly in this case were the two aspects of 431B dealing with the defendant not testifying. Number one, that the defendant has a right not to testify. And number two, that the jury cannot hold the defendant's exercise of that right against the defendant. The State does not dispute that there was a 431B violation. Let me get this right. Your position is that if this had been a direct appeal, that claim would clearly fail under Thompson? True? No, only under the substantial rights. Well, Thompson specifically leaves open. Thompson said that if the defendant does not testify, well, take that back. So you're saying that it'd have to be under the second prong of the plain error? Under the, that would have to, this is. If this were a direct appeal. Thompson leaves open the plain error due to actual prejudice with regard to a closely balanced case. And there's certainly nothing that would make such a claim here indisputably meritless as Hodges requires. And additionally, again, these are procedural, legalistic matters that are more appropriately dealt with at the second stage after appointment of counsel where Mr. Cole has stated the gist of these claims. Actually just really telling us that this defendant did not receive a fair trial because the jury did not state that they are aware and that they will accept the premise that a defendant does not have to testify in the case. He has stated the gist that appellate counsel is ineffective for failing to raise that claim. Right. I would also argue as to his second. But if you're going, if you're waving yourself back towards the first prong, aren't you assuming prejudice? Don't you have to allege prejudice? Mr. Cole, it just has to be arguable that there was prejudice. Mr. Cole does not have to allege. But it's got to be arguable from some facts, doesn't it? Of course. And the facts of this case do nothing to preclude such an argument. There was only one identification witness, and Mr. Cole did not testify. But it's one thing to say that the argument is not precluded, but what do you have to support the argument? What do you have to support the fact that he was prejudiced other than your assumption that there's prejudice? Or are you saying it's unreasonable? I'm saying it's unreasonable to ask this at that stage. It is unreasonable to ask that at this stage. There's nothing in the record, affidavits from jurors, for example, but there's nothing to preclude. So is that what you're saying, that in terms of this case, in light of the issue that you're presenting, you might be, the defendant might be entitled to an evidentiary hearing? Because that's the only way to really decide whether the jury, a member of the jury was biased? Mr. Cole would have to make a substantial showing of a constitutional violation to have the case advance to an evidentiary hearing. At this point, he just needs to state facts from which a gist of a constitutional violation can be asserted. So what facts is – I'll come back to the same question. What facts have been alleged, not conclusions or assumptions, what facts have been alleged that he was prejudiced by the failure of the trial court to give this admonition? He has not alleged facts in his petition specifically going to the prejudice prong of Strickland. And, again, that is not his obligation at the first stage. It must merely be arguable from the facts in the petition as well as in the record. Well, but, again, you have to show the gist of a constitutional violation. In order to show a constitutional violation, you have to show that there was ineffective assistance under Strickland. In order to show ineffective assistance under Strickland, you have to show prejudice, at least in the first prong. And that's what we're talking about. So, on that side – I mean, there are facts in the record that – Where's the prejudice? The prejudice is the close balance of the evidence, the only one identification – Well, that's the first part. And the close and balanced case and prejudice. In this case, Mr. – specifically in this case, Mr. Cole did not testify. So that's a fact specific to this case that would go to a prejudice argument. Now, it's not a fully developed argument, but he doesn't have to make a substantial showing of a constitutional violation at the first stage. Only a gist. And that is what he has done here. This is how I understand your claim, that there's a gist that a juror that sat – a prospective juror sat on the jury who may have been biased against the defendant because that juror was not informed that she could not – he could not take – or hold it against the defendant when he didn't testify. But where do we get that? I mean, why is there some sort of gist presumption when jurors aren't adequately admonished that they might be doing that because there's a slew of other admonishments to the jury that they can't do that. The instruction itself says that. And the judge reads the instruction. So? In hand with that, the trial judge did tell the jury or the denier that the defendant doesn't have to present any evidence. So isn't that somewhat close to saying he also doesn't have to testify? The rule says no. Just in terms of – well, I know what the rule says, but I'm talking about from a constitutional examination of prejudice or looking at the constitutional question whether there's prejudice. On the one hand, you have the trial judge saying the defense doesn't have to present any evidence. Okay? On the other hand, there's nothing in the record. There's no – at least that hasn't been brought to our attention. There's no prospective juror in the voir dire saying, yeah, well, I expect to hear from him or anything like that. And there's nothing in a note that came out of the jury room. There's nothing that shows that this was a factor in this case. And so aren't you just asking us to just assume that it was a factor? No, Your Honor. I'm asking that this be sent back for second-stage proceedings, at which time counsel could develop the claim that Mr. Cole has stated the gist of. At this point, I'm not trying to convince this Court that he has made a substantial showing, merely that he has stated the gist of it. You want the opportunity. Exactly, Your Honor. And this is what the Post-Conviction Hearing Act is for. Why don't you take some time for rebuttal, and let's hear from the State. Thank you. Good morning, Your Honors. Again, may it please the Court, my name is Carol Gaines, and I represent the people of the State of Illinois. It's the State's position that summary dismissal is proper in this case, where the petition completely failed to set forth facts alleging an ineffective assistance of appellate counsel claim, and even if it did, there is no arguable basis in law for the defendant's claims. As a preliminary matter, the petition itself did not simply allege facts to raise a claim of ineffective assistance of appellate counsel, as it related to the two issues raised on appeal for the first time, concerning the trial judge's voir dire under Rule 431B, or the prosecutor's closing argument, commenting on the credibility of the witnesses. Even if you construe this petition liberally, it doesn't clearly set forth the respects in which the defendant's constitutional rights were violated, as it pertains to the Rule 431B violation, which appellate counsel didn't raise, and even if you find, assuming you find the claim of ineffective assistance of appellate counsel was raised, this petition was still properly dismissed as frivolous and patently without merit. The 431B allegation, which was not raised. And so if it was raised, would we be within proper review to conclude that appellate counsel chose not to raise that issue? No, I think, Your Honors, your review is de novo. So you have to look. A de novo reviewer requires you to make your own independent assessment of the allegation. So under de novo review, could we, as judges and as lawyers, say this case coming before me as appellate counsel, I don't think I would have raised that 431B issue because there's simply nothing there. That would be correct. And if we concluded that as to appellate counsel, who actually presented his brief, we could say that it was a matter of trial which we have to defer to. Absolutely. And I think if you look. But wait a minute. Do we do that at the first stage? I mean, are we going to hold prisoners who give us a petition to the same standard as lawyers? I mean, they have no legal training. The Supreme Court has told us in Hodges that petitions that are drafted at stage one by defendants with little knowledge or training, that the court views the threshold very low. No. That's why I'm saying that even though I don't believe this record establishes that that claim was presented, even if you find that it was, the summary dismissal was still proper, where there's no arguable basis in law or fact as to his underlying claims. With respect to the Thompson issue, quite honestly, Thompson precludes any review. Not review. Thompson precludes any relief for this defendant on those grounds. If you look at the voir dire in this case, which even though you don't have to, if you look at the voir dire in this case, after the judge asks the questions, the trial attorney, trial counsel, asks the jurors, if my client doesn't testify, he doesn't have to testify, will you hold that against him? So those jurors heard that. They heard that from the defense attorney. They just didn't hear it from the judge. Yeah, they didn't hear it from the judge. And the rule requires it be given by the judge. Correct. But when you look at it overall, you have to look at what the information the jury received was. And under Thompson, under your plenary review, you have to review the law at the time that you're reviewing it, not as it existed at the time the summary dismissal was entered. And under that standard, Thompson clearly governs and clearly precludes. And if we were to allow this petition to go to a second stage, then where is that line that would say a 431B issue doesn't raise the gist and a 431B issue that does? It seems to me that every 431B issue would automatically lead to a second stage if it's raised. Well, I think, quite honestly, under Thompson, you know, 431B. If we're to be convinced that the 431B issue in this case entitles a defendant to go to a second stage, where would we prevent anyone else from being entitled to a second stage review? Well, I would ask where is he going on the underlying constitutional claim under Thompson? Even under Thompson, even if the trial judge violated 431B, there's no second-pronged plain error. There's no structural error. The defendant absolutely has to demonstrate actual juror bias. There's no evidence of this in this case based on the reward error. And even if you want to consider, Justice Palmer, as you said, under first-pronged plain error, the evidence in this case, there's nothing closely balanced about the evidence in this case. The complaining witness was a friend of the defendant's. He had known him for 10 years, or between 10 and 12 years. He led him through his gate. He led him up to his door. He was about to let the defendant in his house. And the defendant pulled out a revolver and fired six shots, four of which struck the defendant. So the closely balanced prong, even under that, the defendant simply cannot prevail under the facts presented here, under the petition he presented, and under this Court's plenary review. I would very briefly direct this Court's attention. In fact, Justice Lampkin did author a Rule 23 opinion, which Justice Gordon and Justice Palmer, you concurred in, in March of this year. Can you cite a Rule 23? Well, I didn't cite it as an additional 30 pages. It does not hold precedential value. So can you even address a case that's not cited in your brief? I probably could. I probably could. Under the rules? Not under the rules. Not technically, Your Honor. But this Court did address the exact same issue presented by the defendant today relative to the Thompson issue, and resolved unfavorably to the defendant. And so your position, what do you think the import of Thompson is, that this issue is forfeited? Yes. Well, it's forfeited and it has no underlying constitutional, no merit to an underlying constitutional right. Thompson said that the Supreme Court Rule 431B does not implicate a fundamental right. It does not have any constitutional dimension. So it's not a second-prong issue unless there's an actually biased jury. Correct. And what's your position as to the first prong? And the first prong is if the evidence is closely balanced. The defendant would have to show that his conviction was the result of a juror, a biased juror sitting on that jury. If there are no other questions, Your Honors, for the reasons I've cited today as well as those in my brief, I would respectfully ask that you affirm the summary dismissal of the defendant's post-conviction. Thank you very much. Thank you, counsel. Very brief rebuttal. Thank you. I will be brief. I just want to point out a couple of things with regard to Thompson. First of all, it was decided after the direct appeal had already been decided. So appellate counsel certainly had no basis to rely on that for not raising the 431B issue. Second of all, Thompson specifically did leave open the possibility that actual juror bias could be proven. And we're simply in a situation where this is something that would not be indisputably meritless. Are you saying that Thompson left open the opportunity for you to comment under what prong? Under the actual closely balanced evidence. Tell me why this is a closely balanced case. They knew each other. The complainant did testify that he knew the defendant. He also testified that he had been doing illegal drugs earlier in the night, that it was at 5 o'clock in the morning, that he was intoxicated, that he was very tired as well. And this also Didn't he immediately identify him? He told the police that this was the guy who shot him. But this was, again, the only evidence. The other shooting victim was not able to identify Mr. Cole or the other shooter. Does the court need more evidence than that? No, certainly to us. I mean, that's raised on direct appeal. And if the evidence was found sufficient to convict, that's obviously a much higher standard of review of the evidence than closely balanced. What's closely balanced about it? It's not like it's an identification case where it's a single finger identification of somebody you never saw before. He knew the guy and he identified him immediately. So what's closely balanced about it? Simply the reliability of the identification. Number one, where he was admittedly intoxicated and very tired. And number two, where, and this goes to Mr. Cole's second claim of ineffective assistance as to the prosecutorial misconduct, where the state is actually vouching for the witness's reliability simply on the basis that he was a shooting victim, which is tantamount really to expert testimony as to the reliability of shooting victims, also improper, certainly also arguable under the prejudice prong where this was, again, the only witness whose credibility was under some degree of question, and the state improperly bolstered that. So for these reasons and for those cited in the briefs, I do ask that this Court remand this case for appointment of counsel so that Mr. Cole can develop these claims that he has stated the gist of. Thank you very much. Okay. You gave us a very interesting case, very good arguments, and we'll take the case under advisement.